**Amadou Oury DIALLO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2860–ag.

United States Court of Appeals, Second Circuit.

March 5, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Matthew J. Harris, Brooklyn, NY, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

Amadou Oury Diallo, a native and citizen of Guinea, seeks review of a June 5, 2007 order of the BIA affirming the November 23, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amadou Oury Diallo,* No. A97 849 565 (B.I.A. Jun. 5, 2007), *aff'g* No. A97 849 565 (Immig. Ct. N.Y. City Nov. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. U.S. I.N.S.,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007)(en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. U.S. I.N.S.,* 359 F.3d 121, 129 (2d Cir.2004).

■ We find that the agency's adverse credibility determination is supported by substantial evidence. The IJ's demeanor finding was based on specific examples of Diallo's hesitant and scripted responses to questions, first when he was describing the RPG logo, and then when he was testifying about the incidents surrounding his alleged

2000 arrest. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006). It is well-settled that we will afford significant deference to the fact-finder's assessment of demeanor, particularly where the IJ has supported his finding with specific examples. *See id.; Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). Therefore, we find that the IJ properly relied on Diallo's demeanor in making his adverse credibility determination.

The IJ also relied on a series of discrepancies in the record with regard to: 1) the letter allegedly sent by the permanent secretary of the RPG in support of Diallo's application; 2) Diallo's testimony about his failure to provide original identity documents and the authenticity of the copy of his passport in the record; 3) Diallo's description of the beatings he allegedly received while in detention.

The IJ noted that Diallo had initially testified that he had received the RPG letter in 1994, when it was clearly issued in 2005. The IJ also expressed concern about the "American standard" dimensions of the letter that allegedly originated in Guinea, a former French colony which uses the metric system. When the IJ gave Diallo the opportunity to explain these inconsistencies, Diallo responded that he had made a mistake as to the dates and that anyone can obtain any "supplies" in Guinea. However, it was reasonable for the IJ to reject these explanations. *See Majidi,* 430 F.3d at 81 n. 1. Because these inconsistencies cast doubt on Diallo's political involvement, the IJ properly relied on them in making his adverse credibility finding. *Cf. Secaida–Rosales,* 331 F.3d at 308–09.

The IJ also noted an internal inconsistency in Diallo's testimony about his failure to provide original identity documents. Diallo first claimed that it was too difficult for someone in Guinea to write down his address, but when the IJ pointed out to

him that his brother sent the RPG letter to him, he claimed that he did not want his identity documents to get lost in the mail. This internal inconsistency in Diallo's testimony is material inasmuch as it casts doubt on his identity. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 158 (2d Cir.2006) (holding the failure to establish identity is alone sufficient grounds on which to deny asylum-related relief). In this same vein, the IJ questioned the authenticity of an alleged copy of Diallo's passport, which was the only document in the record that he had provided to establish his identity. Diallo claimed that he had only provided a copy because, after flying from Guinea to the United States, he gave his passport to a stranger in the airport for safekeeping, that the stranger took the passport back to Guinea, and that his uncle recovered it there by chance and sent him a copy. The reasons for the IJ's incredulity as to this testimony are plain from the record. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007). Moreover, the IJ's doubts about Diallo's identity were compounded by the fact that a U.S. visa in Diallo's passport was apparently issued in Gabon, whereas Diallo testified that he had never been to Gabon. These inconsistencies are plainly material as they call into question the threshold issue of Diallo's identity and nationality. *Cf. Borovikova,* 435 F.3d at 157. Moreover, no reasonable fact-finder would be compelled to credit Diallo's explanations.

■ Because the aforementioned inconsistencies and implausibilities, together with the IJ's demeanor finding, provide substantial evidence for the IJ's adverse credibility determination, the denial of asylum was proper. Inasmuch as Diallo based his claim for withholding of removal and CAT relief on the same evidence he used to support his asylum claim, his withholding and CAT claims necessarily fail.

See *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).